FREDRIC DARNELL TRAVIS, )
)
    Plaintiff, )
)
    vs. )      Case No.  3:25-cv-05103-MDH
)
JOPLIN METRO CREDIT UNION et al., )
)
    Defendants. )

## ORDER

Before the Court is Plaintiff's *Pro Se* Motion to Seal Case. (Doc. 4). Defendant has not filed Suggestions in Opposition and the time to do so has elapsed. Thus, the motion is now ripe for adjudication on the merits. For the reasons stated, Plaintiff's Motion is **DENIED**.

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978), and *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests

1

served by maintaining confidentially of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

Here, Plaintiff fails to state any compelling reason as to why this case should be sealed. Plaintiff has included within his motion a "Notice of Statement of Indenture" requesting a private evidentiary conference regarding his motion to seal stating, "due to urgent and exigent circumstances and confidential trade secret, proprietary, private, special and restricted information/evidence in support of my special equitable cause, either of which if revealed in public, will cause irreparable harm to rights, property and interest." (Doc. 4-2). Plaintiff never expands nor provides this Court any context apart from that statement why sealing of this case is warranted. As Plaintiff's only claim is regarding the Fair Credit Reporting Act, the Court cannot glean any compelling reason why the presumption of public access to judicial records should be overcome.[1] For the reasons stated, Plaintiff's *Pro Se* Motion to Seal Case is **DENIED**.

## CONCLUSION

For the reasons stated above, Plaintiff's *Pro Se* Motion to Seal Case is **DENIED**.

**IT IS SO ORDERED.**

Date: March 16, 2026

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff may still redact certain information in conformity with Federal Rule of Civil Procedure 5.2.

2