| | | |
|---|---|---|
| **FREDRIC DARNELL TRAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-cv-05103-MDH** |
| | ) | |
| **JOPLIN METRO CREDIT UNION et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's *Pro Se* Motion to File Amended Petition Under Seal. (Doc. 8). The Defendants filed Suggestions in Opposition (Doc. 11). Plaintiff has failed to file a reply and the time to do so has elapsed. The motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's *Pro Se* Motion to File Amended Petition Under Seal is **DENIED**.

On December 8, 2025, Plaintiff field his *Pro Se* Motion for Leave to Proceed *In Forma Pauperis* along with his Proposed Complaint. (Doc. 1). On December 11, 2025, this Court granted Plaintiff's motion in part, allowing him to proceed solely on his Fair Credit Reporting Act claim. (Doc. 2). Plaintiff now seeks leave to file an amended complaint under seal. (Doc. 8). Plaintiff's motion states in its entirety:

> Complainant is coming forth in his private capacity to seal this matter due to Breach of Trust and to protect the interests of the beneficiary and subrogee and not to commingle his private American rights with the privileges of "enemies" of the State. Complainant also wants to secure his Article III civilian due process rights and not to alarm the public. This matter has Special, Private, Priority, Proprietary, and Urgent documents involving a Private Trust.

*Id*. Plaintiff also attached multiple documents titled "Notice to Paige Wymore-Wynn, Clerk of the Court", "BIE Cover Letter", "Notes for Review", a second "Notice to Paige Wymore-Wynn; Chief

1

Clerk of the Court", "Amended Petition to Seal", a Proposed Order; "Statements of Discovery", "Exhibits", and what Plaintiff has titled a "Bill of Equity" which he seeks to file as a First Amended Complaint. (Doc. 8-1).

The Defendants argue that Plaintiff has filed his Complaint in the hopes of stopping a pending case in the Circuit Court of Jasper County, Missouri titled *Joplin Metro Credit Union v. Fredric Travis*, Case No. 25AP-AC01133 (the "State Case") that was filed on October 7, 2025. The State Case was initiated by Defendant Joplin Metro Credit Union prior to this case and alleges one count of replevin seeking to repossess a 2015 Subaru that was purchased by funds loaned to Plaintiff by Defendant Joplin Metro Credit Union; and one count breach of contract for the sum of $6,266.53, the remaining sum of the loan, plus interest from March 26, 2025. (Doc. 11-1, pages 1-3). The Defendants further argue that Plaintiff's sealed motion and accompanying documents make clear that Plaintiff is seeking this Court to issue an injunction preventing Defendants from further activities aimed at repossession of the Subaru and recovery of the outstanding balance on the auto loan in the State Case. The Defendants argue this is nothing but a bad faith and misguided attempt to stay the State Case and or otherwise badger Defendant Joplin Metro Credit Union, and its Officers, into dropping the State Case. Further, Defendants argue that Plaintiff's Motion is additionally non-sensical, frivolous, imposes an undue prejudice on Defendants in formulating a response to the numerous filings, and that none of the documents contained in the attachment are an amended complaint in violation of Local rule 15.1(a)(2).

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. It states in relevant part:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service3 of a motion under Rule 12(b), (e), or (f), Whicher is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15 (a)(1)-(2). Leave "should normally be granted absent good reason for denial. The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment.'" *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (internal citations omitted). The party opposing amendment bears the burden of proving that some reason exists to deny leave to amend. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). "[W]hether to allow a party to amend her complaint is left to the sound discretion of the district court[.]" *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

After complete review of Plaintiff's motion and supporting documents, the Court finds Plaintiff's amended complaint would create undue prejudice against the Defendants and would be futile. The only count in this case is Plaintiff's Fair Credit Reporting Act claim. (Doc. 2, page 3). Plaintiff fails to allege this claim in his self-titled "Bill of Equity". Instead, Plaintiff focuses on claims asserting lack of consideration regarding his alleged auto loan with Defendant Joplin Metro Credit Union; asking for a full accounting; and an injunction enjoining the defendants from further activities of collection against the alleged loan. These claims Plaintiff presents are futile and would create undue prejudice to the Defendants as the Circuit Court of Jasper County, Missouri, has

3

already ruled against Plaintiff regarding his claims on the underlying auto loan. (Doc. 17-4); *See also Joplin Metro Credit Union v. Fredric Travis*, Case No. 25AP-AC01133.[1] Additionally, federal courts share concerns for finality and consistency and have generally declined to expand opportunities for collateral attack on a state's judgment of finality. *Heck v. Humphrey*, 512 U.S. 477, 484–85, 114 S.Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994). Thus, an injunction against Defendants in this case would be a collateral attack on the state court's judgment as well as undue prejudice against Defendants attempting to enforce their rights as determined by a state court judge. Further, to the extent Plaintiff seeks a full accounting of the loan, it can be requested in discovery during the course of this proceeding. For these reasons the Court finds that Plaintiff's *Pro Se* Motion to File Amended Petition Under Seal fails based on undue prejudice to the non-moving party and futility of amendment and will be **DENIED**.

## CONCLUSION

For the reasons stated, Plaintiff's *Pro Se* Motion to File Amended Petition Under Seal is **DENIED**.

**IT IS SO ORDERED.**

Date: April 21, 2026

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

[1] In the state action, wherein Joplin Metro Credit Union was the Plaintiff and Fredric Darnell Travis was the Defendant, the state court ruled that "[t]he Court finds in favor of Plaintiff and against Defendant on Count I of Plaintiff's Petition seeking replevin of the 2015 Subaru Legacy … and further orders that Plaintiff is entitled to possession of said vehicle, plus court costs. The Court finds in favor of Plaintiff and against [D]efendant on Count II of Plaintiff's Petition for breach of contract, and awards damages in the amount of $6,609.89 plus court costs and post-judgment interest at the statutory rate. The Court finds in favor of Plaintiff and against Defendant on Defendant's Petition for Redress of Grievance and all claims set forth therein. The Court finds in favor of Plaintiff and against Defendant on Defendant's Motion for Abatement and all claims set forth therein."

4