**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **FREDRIC DARNELL TRAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  3:25-cv-05103-MDH** |
| | ) | |
| **JOPLIN METRO CREDIT UNION et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's *Pro Se* Motion to Remove from State Court. (Doc. 13). The Defendants filed Suggestions in Opposition (Doc. 17) and Plaintiff has filed a reply. (Doc. 22). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's *Pro Se* Motion to Remove from State Court is **DENIED**.

On October 7, 2025, Defendant Joplin Metro Credit Union ("Credit Union") filed a petition in the Circuit Court of Jasper County, Missouri alleging one count of replevin and one count of breach of contract against Plaintiff. *See Joplin Metro Credit Union v. Fredric Travis*, Case No. 25AP-AC01133. Defendant Credit Union filed the state court action alleging that on June 27, 2023, Defendant Credit Union loaned to Plaintiff the sum of $7,931.00 for the purchase of a 2015 Subaru (the "Vehicle"). *Id*. Defendant Credit Union alleges that the Plaintiff signed the Loan and Security Agreement, secured by a lien properly executed and recorded on the title, and made multiple payments on the loan. *Id*. Defendant Credit Union states that the last payment Plaintiff made was on March 26, 2025, and since that time Plaintiff has undertaken a course of conduct whereby he has claimed the money loaned to him by Defendant Credit Union came from an unknown and unspecified account with the United States Treasury. *Id*. Defendant Credit Union alleges that it

1

became lawfully entitled to possession of the Vehicle by Plaintiff's default on the Loan and Security Agreement. *Id*. Defendant Credit Union states that after Plaintiff was notified of default and Plaintiff's intent to repossess the vehicle, he has wrongfully retained the Vehicle from the possession of the Defendant Credit Union. *Id*.

On March 11, 2026, the state court entered its judgment ruling:

> The Court finds in favor of [Credit Union] and against [Plaintiff] on Count I of [Credit Union]'s Petition seeking replevin of the 2015 Subaru Legacy … and further orders that [Credit Union] is entitled to possession of said vehicle, plus court costs. The Court finds in favor of [Credit Union] and against [Plaintiff] on Count II of [Credit Union]'s Petition for breach of contract, and awards damages in the amount of $6,609.89 plus court costs and post-judgment interest at the statutory rate. The Court finds in favor of [Credit Union] and against [Plaintiff] on [Plaintiff]'s Petition for Redress of Grievance and all claims set forth therein. The Court finds in favor of [Credit Union] and against [Plaintiff] on [Plaintiff]'s Motion for Abatement and all claims set froth therein.

*Joplin Metro Credit Union v. Fredric Travis*, Case No. 25AP-AC01133. Plaintiff asks this Court to remove the state action arguing that if he was to proceed in state court it will damage the "rights to possession, title and interest in a private trust that only inherent equity has the sole exclusive jurisdiction to recognize - and that state court is not a court of special equity and it does not have jurisdiction of non-statutory trusts." (Doc. 13).

Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant "desiring to remove any civil action for a State court shall file in the district court … a notice of removal" that contains "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

Here, this Court does not have original jurisdiction of the state action and therefore removal of the state action to federal court would be improper. Defendant Credit Union alleged two state

2

law claims, both of which do not raise any issues regarding federal laws. Further, while Plaintiff attempts to connect the current action with the state action, the Court finds that the claims in the current case are not so related to the claims in the state action that would warrant supplemental jurisdiction.

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367. Plaintiff's Complaint alleges one count under the Fair Credit Reporting Act and does not encompass nor have any bearing regarding the state court action dealing with replevin and breach of contract. Further as a judgment has already been entered in the state court action, this Court would find it improper to exercise supplemental jurisdiction as the state action is currently on appeal in state court. The federal courts share concerns for finality and consistency and have generally declined to expand opportunities for collateral attack on a state's judgment of finality. *Heck v. Humphrey*, 512 U.S. 477, 484–85, 114 S.Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994). For the reasons stated, Plaintiff's *Pro Se* Motin to Remove from State Court is **DENIED**.

## CONCLUSION

For the reasons stated, Plaintiff's *Pro Se* Motion to File Amended Petition Under Seal is **DENIED**.

**IT IS SO ORDERED.**

Date: April 21, 2026

  */s/ Douglas Harpool*  
**DOUGLAS HARPOOL**  
**UNITED STATES DISTRICT JUDGE**