**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **FREDRIC DARNELL TRAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-cv-05103-MDH** |
| | ) | |
| **JOPLIN METRO CREDIT UNION et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's *Pro Se* Petition to Show Cause and Reconsideration. (Doc. 18). The Defendants have not responded and the time to do so has elapsed. Thus, the motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's *Pro Se* Motion Petition to Show Cause and Reconsideration is **DENIED**.

On January 5, 2026, Plaintiff filed his *Pro Se* Motion to Seal Case. (Doc. 4). The Plaintiff sought for this Court to seal the case arguing in part that "due to urgent and exigent circumstances and confidential trade secret, propriety, private, special and restricted information/evidence in support of my special equitable cause, either of which if revealed in public, will cause irreparable harm to rights, property and interest." (Doc. 4-2). This Court denied Plaintiff's Motion on March 16, 2026, ruling that:

> Plaintiff never expands nor provides this Court any context apart from [the above] statement why sealing of this case is warranted. As Plaintiff's only claim is regarding the Fair Credit Reporting Act, the Court cannot glean any compelling reason why the presumption of public access to judicial records should be overcome.

(Doc. 15, page 2). Plaintiff brings his current motion arguing that he "has filed substantiating reasons with his Bill in Equity and Letter to the Clerk why this case should be sealed along with

1

his Amended Complaint." (Doc. 18). The Plaintiff then goes on to reference a separate motion he filed on February 17, 2026 in which he asks the Court to file his First Amended Petition Under Seal and additional documentation in that motion justifying why this case should be sealed. The Plaintiff argues that the Court entered its Order without considering the information in that separate motion which caused him prejudice.

The Eighth Circuit has held, "Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). Motions under Rule 59(e) may only correct manifest errors or present newly discovered evidence. *Id*. Petitioners may not rely on Rule 59(e) to introduce new evidence or raise new arguments or theories. *Id*.

Here, the Court made no mistake in its Order denying Plaintiff's Motion to Seal Case. This Court reviews the information submitted in a motion filed by a party and any briefing entered in support or opposition of said motion. The Court does not incorporate information contained in other motions. If a party does not include pertinent information within its motion or suggestions, that party cannot cry foul that the Court should have looked at information in a completely separate motion to bridge the gap a party leaves out information that may be determinative of the success or failure of said motion. Further, even in review of Plaintiff's *Pro Se* Motion to File First Amended Petition Under Seal and supporting documents there are no meritorious legal arguments as to why the Petition should be sealed.[1] For these reasons, Plaintiff's *Pro Se* Petition to Show Cause and Reconsideration is **DENIED**.

---

[1] Plaintiff argues that his self-titled "Bill in Equity" was intended by him to be sealed, and to be filed by the Clerk of the Court and heard by the Chancellor in Chambers to the exclusion of the public and the press, not to be reviewed on any public website, government or private, including "PACER" and never to be for publication. Plaintiff further states

2

**CONCLUSION**

For the reasons stated, Plaintiff's *Pro Se* Petition to Show Cause and Reconsideration is

**DENIED**.

**IT IS SO ORDERED.**

Date: April 21, 2026

         */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

that the Bill in Equity concerns the breaches of trust committed by defendants is intended to be without the "Federal Rules of Civil Procedure" and to be subject to the rules of the Chancery Court. (Doc. 8-1, page 1-2).