| | |
|---|---|
| FREDRIC DARNELL TRAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 3:25-cv-05103-MDH |
| | ) |
| JOPLIN METRO CREDIT UNION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Joplin Metro Credit Union and Christi Moorehouse's (collectively "Defendants") Motion for Summary Judgment. (Doc. 28). Defendants filed Suggestions in Support (Doc. 28-1), Plaintiff filed Suggestions in Opposition (Doc. 44), Defendants filed a reply (Doc. 46) and Plaintiff filed a sur-reply (Doc. 47).[1] The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This case arises out of an alleged claim under the Fair Credit Reporting Act ("FCRA") stemming from an auto loan made from Defendant Joplin Metro Credit Union to Plaintiff Fredric Darnell Travis. Plaintiff is a resident of Joplin, Missouri. Defendant Joplin Metro Credit Union is

---

[1] The Court granted Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Reply. (Doc. 48). Although Plaintiff has yet to file his sur-reply as of the date of this Order, the Court has constructively construed Plaintiff's proposed sur-reply as filed and reviewed the arguments asserted therein. (Doc. 47, pages 5-9).

1

a domestic credit union located in Joplin, Missouri. Defendant Christi Moorehouse is the President and Chief Executive Officer at Joplin Metro Credit Union.

On October 7, 2025, Defendant Joplin Metro Credit Union filed a Petition in the Circuit Court of Jasper County, Missouri against Plaintiff for one count of replevin and one count of breach of contract arising from an auto loan of $7,931.00 for the purchase of a 2015 Subaru. *Joplin Metro Credit Union v. Fredric Travis*, 25AP-AC01133. Plaintiff filed a Petition for Redress of Grievance. *Id*. In Plaintiff's Petition for Redress of Grievance he makes various legal arguments, that have not been supported through case law or any other statutory provision, including that: Joplin Metro Credit Union charged interest on Plaintiff's auto loan in violation of the Federal Reserve Act and Presidential Proclamation 2039;[2] Joplin Metro Credit Union loaned him money when he states it was actually the Federal Reserve Bank and that by Joplin Metro Credit Union demanding payment on the auto loan on the 15th of every month Defendant violated Plaintiff's constitutional and consumer rights; and that the promissory note was the only collateral to be held in this case and that demanding any insurance or other security on the auto loan violated the Truth in Lending Act and other consumer credit transaction provision.

Plaintiff subsequently filed his Complaint in the current action on December 11, 2025, which is in essence the same document as his Petition for Redress of Grievance in the state action. On March 5, 2026, the state court held a bench trial and on March 11, 2026, the state court found in favor of Joplin Metro Credit Union on both its Petition and Mr. Travis's Petition for Redress of Grievances. Plaintiff's Complaint alleges one cause of action, a violation under the FCRA.[3]

---

[2] The Presidential Proclamation 2039 was issued by Franklin D. Roosevelt on March 6, 1933, declaring a bank holiday from March 6 to March 9, 1933, in response to heavy withdrawals from banking institutions.

[3] Plaintiff's Complaint lists a variety of claims that mirror those in his Petition for Redress of Grievances. (Doc. 3). However, the Court explicitly found all of Plaintiff's claims frivolous with the exception of his FCRA claim when this Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2, page 3). To that extent, this case involves only one count, a violation under the FCRA.

Defendants bring their current motion seeking summary judgment in their favor arguing that Plaintiff's Complaint and associated claims are barred by claim preclusion and because the present action constitutes improper claim splitting.

**STANDARD**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**ANALYSIS**

**I.     Claim Preclusion**

Defendants argue that claim preclusion applies in this case and the Court should dismiss Plaintiff's Complaint. In support Defendants state that the Circuit Court of Jasper County, Missouri rendered a prior judgment on March 11, 2026, finding in their favor regarding Plaintiff's FCRA claim. Defendants assert that the state court had proper jurisdiction because Plaintiff and

Defendants were within the state court's *in personam* jurisdiction due to residing or having their principal places of business in Jasper County, Missouri. Further, the Defendants state that the judgment rendered by the state court constituted a final judgment on the merits set forth in Plaintiff's Complaint because the claims set forth by Plaintiff in the state court case and the current action are the exact same claims. Additionally, the Defendants claim that the same parties in the state court action are present in the current action.

Plaintiff argues that his FCRA claim does not arise from the same operative facts as the state court repossession action but instead from Defendants' independent statutory duties as a furnisher of credit information. Plaintiff asserts that these duties exist under federal statutes regardless of whether Defendants prevailed in state court. Plaintiff argues that the state court's dismissal of his Petition for Redress of Grievance does not constitute a merits adjudication of Plaintiff's FCRA claims as they require a specific factual record about Defendants' conduct toward credit reporting agencies that was never developed in the state repossession action. Lastly, Plaintiff asserts that violations of the FCRA are ongoing as of July 6, 2026, and that these post-judgment reporting failures could not have been litigated in a proceeding that concluded before they occurred.

The doctrine of claim preclusion bars parties from relitigating matters previously adjudicated. *San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal.*, 545 U.S. 323, 336 (2005). "Federal courts are required 'to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Brown v. Kansas City Live, LLC*, 931 F.3d 712, 714 (8th Cir. 2019) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738)); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Here, the judgment at issue was rendered by the Circuit Court of Jasper County, Missouri, so

4

Missouri claim preclusion law applies. "Under Missouri law res judicata applies where (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was the final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases." *Brown*, 931 F.3d at 714 (citing *Bannum, Inc. v. City of St. Louis*, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006) (cleaned up).

The doctrine of claim preclusion, or res judicata, applies in this case and Plaintiff's FCRA claim is therefore barred. It is undisputed that Plaintiff filed his Complaint in this action on December 11, 2025. (Statement of Uncontroverted Material Facts ("SUMF") ¶ 1). When Plaintiff filed his Complaint there was an ongoing case between the parties in the Circuit Court of Jasper County, Missouri titled *Joplin Metro Credit Union v. Fredric Travis*, Case No. 25AP-AC01133 that was filed on October 7, 2025. (SUMF ¶ 2). Plaintiff's Petition for Redress of Grievance in the state court action against Joplin Metro Credit Union is substantially the same as the current Complaint. (SUMF ¶ 3). A bench trial in the state court action was held on March 5, 2026, and on March 11, 2026, the state court held:

> The Court finds in favor of [Joplin Metro Credit Union] and against [Fredric Darnell Travis] on Count I of [Joplin Metro Credit Union]'s Petition, the Court also finds in favor of the [Joplin Metro Credit Union] and against [Fredric Darnell Travis] on Count II of [Joplin Metro Credit Union]'s Petition in the amount of $6,609.89, plus court costs and interest at the statutory rate. *The Court finds in favor of [Joplin Metro Credit Union] and against [Fredric Darnell Travis] on [Fredric Darnell Travis]'s Petition for Redress of Grievance*, and finds in favor of [Joplin Metro Credit Union] and against [Fredric Darnell Travis] on [Fredric Darnell Travis]'s Motion for Abatement.

(SUMF ¶¶ 9-10) (emphasis added).

Here, the parties do not dispute that there was a prior judgment rendered by a court of competent jurisdiction or that the same parties are involved in both the state case and the current action. The only issue that the parties present is whether Plaintiff's FCRA claim is the same cause

of action as in the state court judgment. Plaintiff argues that there are ongoing accounting errors that create a new, independent cause of action not associated with the state court case, however, he is in error. Plaintiff's FCRA alleges states that "Defendants have failed to accurately document balanced claimed due and failure to report the cancellation of debt, leading to inaccuracies in my credit profile". (Doc. 3, page 6). Plaintiff's FCRA claim comes from his claim that Defendants failed to "cancel his debt" and that interest charged on said loan was not authorized by virtue of a Presidential Proclamation from 1933. The state court judgment specifically addressed the auto loan and found that Plaintiff was not entitled to the cancellation of debt and subsequently ruled against his FCRA claim. Plaintiff's FCRA claim stems from the same cause of action as adjudicated by the state court case in which there was a final judgment. Further, Plaintiff provides no proof or evidence, nor can he, that any alleged inaccuracies stem from anything other than his misconceptions regarding the auto loan he applied for and received from Defendant. Therefore, the Court finds that claim preclusion, or res judicata, applies to Plaintiff's FCRA claim. For the reasons stated, Defendants' Motion for Summary Judgment on Plaintiff's FCRA Count is **GRANTED**.

## II.      Other Claims

The Court, having found that res judicata applies in the case at hand and that summary judgment is appropriate, will decline to further analyze Defendants other arguments raised in this case.

### CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**. Summary judgment is hereby entered in favor of Defendants Joplin Metro Credit Union and Christi Moorehouse.

**IT IS SO ORDERED**.

DATED: July 30, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**